UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIY RICHKO, Petitioner, v. CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al., Respondents. | Case No.: 26-cv-5048-RSH-DDL **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 9, 2026, petitioner Georgiy Richko filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits have been fully briefed. *See* ECF Nos. 6 (return), 7 (traverse). For the reasons set forth below, the Court grants the petition.

## I. BACKGROUND

The Petition alleges as follows. Petitioner, a citizen of Ukraine, applied for admission to the United States from Mexico at the San Ysidro Port of Entry on April 19, 2022. ECF No. 1 at 5. He was thereafter released from immigration custody on humanitarian parole. *Id.* His parole was renewed but later expired on April 19, 2026. *Id.* On June 9, 2026, Petitioner travelled to Marine Corps Base Pendleton in connection with his work and was taken into immigration custody. *Id.* at 6-7. He was not provided with

notice or presented with a warrant. *Id.* at 7. Petitioner is currently in immigration custody at the Otay Mesa Detention Center in San Diego, California. *Id.*

On June 18, 2026, Petitioner filed his first petition pursuant to 28 U.S.C. § 2241. Case No. 26-cv-3611, Dkt. No. 1. Respondents did not oppose the petition, and the Court granted Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* Dkt. Nos. 4, 5.

In the instant Petition, Petitioner challenges the legality of his detention, arguing among other things that Respondents revoked his release without an individualized determination "whether materially changed circumstances made him a danger to the community or a flight risk[,]" in violation of due process. *Id.* at 7, 11. Petitioner requests his immediate release. *Id.* at 16.

## II. ANALYSIS

### A. Jurisdiction

Respondents first contend that Petitioner's claim is jurisdictionally barred under 8 U.S.C. § 1252(g) and (b)(9). ECF No. 6 at 3-5.

Section 1252(g) provides that, except as otherwise provided in that section, and notwithstanding any other provision of law including 28 U.S.C. § 2241, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Additionally, Section 1252(b)(9) states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9). Respondents argue that this habeas petition arises from DHS's decision to commence removal proceedings, and Petitioner's challenge is thus jurisdictionally barred. ECF No. 6 at 3-4.

The Supreme Court has interpreted the "arising from" jurisdiction-limiting provision

in 8 U.S.C. § 1252(g) narrowly, restricting it "only to three discrete actions that the Attorney General may take": the "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). The Supreme Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process . . . ." *Id.* In a later decision, the Court explained that it did not interpret Section 1252(g) "to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, [the Court] read[s] the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Here, Petitioner challenges the legality of his detention, rather than challenging the decision to commence proceedings, the adjudication of his removal case, or an action to execute his removal order. The Court concludes that Petitioner's claims are not barred by 8 U.S.C. § 1252(g) or (b)(9).

**B. Merits**

The Petition asserts that the government's re-arrest of Petitioner after his initial release on parole violates (1) due process; (2) the Immigration and Nationality Act, 8 U.S.C. § 1357; and (3) the Fourth Amendment. At the outset, the Petition describes the "central issue presented here" as being previously addressed in *Nayem v. LaRose*, Case No. 26-cv-777-RSH-DEB, in which "this Court considered a noncitizen who had been released on humanitarian parole, whose parole had expired, and who was later re-arrested without an individualized determination supporting the renewed detention." ECF No. 1 ¶ 2. In *Nayem*, this Court granted the petition where the government, although provided the opportunity for additional briefing, failed to adequately address the petitioner's due process claims. *See Nayem v. LaRose*, Case No. 26-cv-777-RSH-DEB, Dkt. No. 11, at 5 (Apr. 3, 2026 order granting petition).

Although *Nayem* is not precedential, the government's briefing here suffers from a similar defect. The government does not directly address Petitioner's central due process

claim. The government cites *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025); but in that case, the court granted the petition in part after determining that even though the petitioner's parole had expired, "petitioner's liberty interest did not expire along with his parole." 815 F. Supp. 3d at 1109. In other words, the expiration of immigration parole did not by itself preclude the noncitizen's claim that some process or determination of flight risk, danger, violation of conditions of release, or changed circumstances was required before the noncitizen's rearrest. The government also does not respond to Petitioner's claims based on 8 U.S.C. § 1357 or the Fourth Amendment. In the context of the briefing here, the Court treats Petitioner's claims as unopposed on the merits.

## III. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Within ***three (3) days of the date of this order***, Respondents shall release petitioner Georgiy Richko subject to the terms of his previous grant of parole, or any other conditions that may be appropriate for release on recognizance. The Court declines to order further relief sought in the Petition, such as the request to bar Respondents from requiring an ankle monitor as a condition of release.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Hon. Robert S. Huie
United States District Judge